OPINION OF THE COURT
Joseph J. Sedita, J.
This motion for partial summary judgment raises an issue which appears to be unresolved by prior case law. The defendant has made a motion to amend his pleadings and for other relief.
The parties were married in 1950 in the City of Buffalo. In 1972 the defendant brought an action for separation. In 1973 the parties stipulated to an arrangement by which Mr. Petre (the plaintiff herein) withdrew his opposition to his wife’s separation action and permitted her to take a default judgment of separation. As part of that stipulation Mrs. Petre was given exclusive use and occupancy of the marital residence and all issues of support, alimony, custody and visitation were referred to Family Court.
In May of this year, Mr. Petre brought an action for a conversion divorce pursuant to Domestic Relations Law § 170 (5). Subsequent thereto in June of this year, Mrs. Petre answered his complaint and counterclaimed for equitable distribution.
By this motion, the plaintiff seeks to have assets acquired after the decree of separation declared to be nonmarital property and outside the scope of equitable distribution. The argument in support of this motion is grounded in the definí *334 tion of "marital property” set forth in section 236 (B) (1) (c) of the statute which defines "marital property” as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action”. It is asserted that the action for a separation was a "matrimonial action” which effectively stopped the accumulation of "martial property” for distribution under this statute. To add further strength to this argument reference is made to section 236 (B) (2) which sets forth various types of matrimonial actions, and which lists an action for a separation as one type under this statute.
At first blush the plaintiff would seem to have a solid basis for his position. A closer reading of section 236 (B) (2), however, casts some doubt on the appropriateness of the above analysis. The first line of this subdivision reads "Matrimonial actions. Except as provided in subdivision five of this part, the provisions of this part shall be applicable to [enumeration of the various types of actions including actions for separation]”. (Above emphasis mine.) Subdivision (5) specifically deals with types of actions in which division of marital property is required and the factors to be considered by the court in making that determination. Separation actions are not listed.
We also note that section 236 (B) (1) (d) defines separate property by specifically enumerating situations wherein property acquired was separate property. Property acquired after a separation decree is clearly not enumerated.
The rules for the construction and interpretation of statutes require that all parts of a statute be harmonized, and construed together (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 97, 98). Reading these various sections together we feel compelled to the conclusion that the phrase "commencement of a matrimonial action” in the definition of "marital property” refers to those actions enumerated under subdivision (5), which lead to a distribution of marital property. Subdivision (5), of course, excludes separation actions.
This conclusion and analysis would comport with the conclusion reached by the Fourth Department in a similar situation. In Forcucci v Forcucci (83 AD2d 169) property acquired prior to the decree of separation was in issue. The court ruled that (p 172): "[W]hat assets constitute marital or separate property and what distribution of them is appropriate are matters of fact to be resolved in the first instance by the trial court in the sound exercise of its discretion after considering *335 all the relevant facts and circumstances. The prior judgment, and the parties’ conduct pursuant to it, are to be considered along with any other significant factors.”
In Formed (supra) the parties were involved in an "on again, off again” type of relationship even after the separation decree. Until the "coup de grace” of a judgment of divorce the parties are still technically "married” and the relationship (economic and otherwise) legally continues.
The fact of a decree of separation may well create a strong presumption that the "economic partnership” of the parties has come to an end. However, any such presumption should not be so conclusive that it precludes any showing of a continuing relationship during the separation period.
Accordingly, it is the considered opinion of this court that this motion for partial summary judgment should be denied, and the property and financial issues referred to a hearing officer for determination.
Absent a showing of prejudice, our courts are required under our civil practice rules (CPLR 3025 [b]) to "freely” grant applications to amend pleadings. The defendant seeks to amend her answer but has only generally set forth the nature of the amendment sought. This motion is therefore denied unless the defendant serves the plaintiff with a copy of the specific amendment sought by her. Plaintiff may have an additional 10 days from the date of the service of the amended answer to challenge that amendment.
The parties shall appear before this court on the soonest available date for a determination of temporary maintenance and counsel fees.