■ HOPE F. LENNON, Appellant-Respondent, v EDWARD J. LENNON, Respondent-Appellant

Although Special Term correctly recognized that the parties and the court were entitled to "a liberal and broad discovery process", it erred in limiting the discovery sought by the wife up "to the year 1980", i.e., when the instant actions for divorce were commenced. As this court stated in *Lee v Lee* (93 AD2d 221, 226): "The parties not only disagree over the commencement period for disclosure, but also argue over its termination point, with the plaintiff contending that she can inquire concerning the value of the defendant's assets right up to the time of deposition, while he contends that the cutoff point is the commencement of this action. While it is true that the commencement of the action marks the termination of the time within which marital property can be acquired (see Domestic Relations Law, § 236, part B, subd 1, par c), the wife is not bound by her husband's estimate of the worth of his assets on that date. An exchange of marital assets for other assets is relevant to the valuation of the exchanged marital assets, and arm's length transactions after commencement of the action may help to establish the true worth of these assets (see *Aron v Aron*, NYLJ, Sept. 3, 1982, p 7, col 1). Postcommencement information relevant to the valuation of marital assets is thus a proper inquiry" *(see also, Kaye v Kaye,* 102 AD2d 682).

The order appealed from dated June 10, 1985, as amended October 15, 1985, has therefore been modified to the extent indicated.

The wife also argues that Special Term erred when it noted that, despite the broad discovery granted to her, the husband "does not forfeit his right at trial to claim that any assets acquired between 1970 and 1980 should be categorized as separate property". It appears that Special Term utilized the year 1970 as the cutoff date for determining whether any particular property was to be considered marital or separate property, based on the fact that the parties were separated pursuant "to a contested judgment of separation" in the wife's favor entered May 13, 1970.

Insofar as is relevant herein, the Equitable Distribution Law (Domestic Relations Law § 236 [B] [1] [c]), provides as follows: "The term 'marital property' shall mean all property acquired by either or both spouses during the marriage *and before the * * * commencement of a matrimonial action"* (emphasis supplied).

In the case at bar, the separation action commenced by the wife was not only a "matrimonial action" *(see,* Domestic Relations Law § 236 [B] [2]), but one which clearly signalled the end of the "economic partnership" of the subject marriage. Accordingly, any assets acquired by the defendant after the date of commencement by the plaintiff of the action for a separation and not otherwise the product of a sale or exchange of any marital property should be categorized as separate, rather than marital property.

We have reviewed the remaining arguments raised by both parties and find them to be without merit *(see, Lee v Lee, supra,* at p 227; CPLR 3104 [a]; 5019 [a]). Mangano, J. P., Niehoff, Rubin and Spatt, JJ., concur.