■ THOMAS A. BUTTI, Appellant, v VICTORIA BUTTI, Respondent.—In an action for a divorce and ancillary relief, the

plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), dated November 3, 1988, as, upon reargument, denied his motion for a protective order to limit financial disclosure to the period ending with the commencement of a prior action for a judicial separation.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is true that defendant's commencement of a matrimonial action (see, CPLR 105 [p]; see also, Domestic Relations Law § 236 [B] [2]) which culminated in a 1985 judgment of separation signaled the end of the parties' economic partnership for purposes of determining which assets are part of the marital estate (see, Lennon v Lennon, 124 AD2d 788, 790). However, full financial disclosure remains the rule rather than the exception in actions governed by the equitable distribution law where the parties have not settled their financial differences (see, Domestic Relations Law § 236 [B] [4], [5]; cf., § 236 [B] [3]; Van Ess v Van Ess, 100 AD2d 848). The Supreme Court therefore properly declined to limit disclosure to the period prior to commencement of the separation action (see, Lennon v Lennon, supra, at 789; see also, Lee v Lee, 93 AD2d 221). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.