■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ATKINS, Appellant.—Appeal by the defendant from a

judgment of the County Court, Nassau County (Belfi, J.), rendered June 9, 1988, convicting him of attempted murder in the second degree, assault in the first degree, and resisting arrest, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 8⅓ to 25 years imprisonment, and 5 to 15 years imprisonment, and a definite term of 1 year imprisonment, respectively, and restitution in the amount of $1,598.50.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the defendant to make restitution; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing and determination as to the proper amount of restitution and the manner of payment thereof.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In addition, we find that the terms of imprisonment were neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

However, the defendant contends, the People concede, and we agree, that the trial record and presentence report were insufficient to enable the court to determine the proper amount of restitution and, therefore, a hearing is required *(see, People v Gudat,* 155 AD2d 554). "While the [sentencing] court acted properly in employing the Probation Department as a preliminary fact finder to ascertain the appropriate amount of restitution * * * the court should have conducted a hearing upon the receipt of the Probation Department's report. Moreover, defendant's failure at the time of sentencing to request a hearing on the issue of restitution did not constitute a forfeiture of his right of review by this court, as the failure to accord him a hearing on that issue constituted a departure from 'the "essential nature" of the right to be sentenced as provided by the law' " *(People v Clougher,* 95 AD2d 860, quoting from *People v Fuller,* 57 NY2d 152, 156).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.