RACHEL ANGLIN, Respondent, v HAROLD ANGLIN, Appellant.

Third Department, January 9, 1992

**APPEARANCES OF COUNSEL**

*Zubres, D'Agostino, Hoblock & Greisler, P. C. (David M. Siegal* of counsel), for appellant.

*Bohl, Clayton, Komar & Della Rocca, P. C. (George H. Barber* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

Plaintiff and defendant married in 1954. Plaintiff commenced a separation action against defendant in 1982. The action was not disposed of until January 1988, when the parties stipulated to the entry of a judgment of separation. Supreme Court's award of maintenance in that judgment was later modified on appeal *(see, Anglin v Anglin,* 148 AD2d 833). Some 20 months after the conclusion of the separation action, plaintiff brought the instant divorce action on living apart grounds *(see,* Domestic Relations Law § 170 [5]). After joinder of issue, defendant moved to fix a valuation date for marital property and for partial summary judgment determining that any assets acquired by either party after the commencement of the separation action did not constitute marital property for purposes of equitable distribution. Plaintiff opposed the motion and cross-moved for partial summary judgment declaring that all property acquired by either party prior to the commencement of the instant divorce action was marital property. Defendant appeals from Supreme Court's ruling that extended marital property status to all property interests acquired by the parties up to the commencement of this divorce action.

We affirm. Marital property is defined under this State's Equitable Distribution Law as all property acquired by the spouses "during the marriage and *before* the execution of a separation agreement or *the commencement of a matrimonial action"* (Domestic Relations Law § 236 [B] [1] [c] [emphasis supplied]). The dispositive issue on this appeal is whether plaintiff's prior separation action is "a matrimonial action" for purposes of the foregoing statutory definition, the commencement of which would then have become the cutoff point for classification of spousal assets as marital property subject to equitable distribution. Defendant essentially relies on the language of Domestic Relations Law § 236 (B) (2), which is entitled "Matrimonial actions". That subdivision states that "[e]xcept as provided in subdivision five of this part, the provisions of this part shall be applicable to actions for *[inter alia]* a separation" (Domestic Relations Law § 236 [B] [2]).

According to defendant, the listing of matrimonial actions

in Domestic Relations Law § 236 (B) (2) is definitional. Because that definition of matrimonial actions includes a separation action, it literally must be a matrimonial action as referred to in section 236 (B) (1) (c), the commencement of which stops after-acquired property of either spouse from being treated as marital property. Defendant further argues that the commencement of a separation action is analogous to the execution of a separation agreement, the alternative statutory marital property terminating event. Moreover, it is defendant's contention that the commencement of a separation action signifies the end of the marital economic partnership and, thus, stopping further accrual of marital property at that point is more consistent with the concept underlying the entire Equitable Distribution Law.

We disagree. First, defendant's statutory construction argument has several glaring and, in our view, fatal weaknesses. If, as defendant contends, a separation action is a matrimonial action for purposes of the definition of marital property in Domestic Relations Law § 236 (B) (1) (c) because it is among the matrimonial actions listed in Domestic Relations Law § 236 (B) (2), then also includable as a matrimonial action under the marital property definition are actions "for a declaration of the * * * nullity of a foreign judgment of divorce [and] for a declaration of the validity * * * of a marriage" (Domestic Relations Law § 236 [B] [2]). Because the objective of both of those actions is a judicial declaration of the *continued existence* of the marital relationship, it would be totally inconsistent with the letter and spirit of the Equitable Distribution Law to make the commencement of such actions an event which terminates further accruals of marital property for equitable distribution purposes in some future divorce action.

Moreover, defendant's interpretation gives no effect to the introductory proviso of Domestic Relations Law § 236 (B) (2), stating that "[e]xcept as provided in subdivision five of this part", section 236 (B) is applicable to some 11 enumerated types of matrimonial actions. Subdivison (5) of section 236 (B) sets forth the comprehensive treatment of equitable distribution under the statute, and expressly applies only in actions whose objective is either the formal termination of the marriage or the distribution of marital property following a foreign divorce. A separation action is not one of the listed actions in which equitable distribution is available *(see,* Domestic Relations Law § 236 [B] [5] [a]). Thus, it is apparent that the purpose of Domestic Relations Law § 236 (B) (2), upon

which defendant relies, was not to provide a definition of matrimonial actions for general application throughout the statute. Rather, its objective was twofold: (1) to insure that the equitable distribution provisions of the statute would only be operative within the narrow set of matrimonial actions where the marriage is being or has been terminated, and (2) to direct that the remaining provisions of the statute (e.g., regarding maintenance and child support) be applied in *all* matrimonial actions *(see, Petre v Petre,* 130 Misc 2d 333, 334, *affd on opn below* 122 AD2d 559; 3 Foster, Freed and Brandes, Law and the Family New York § 2:10, at 81 [2d ed]). It follows that the listing of a separation action in Domestic Relations Law § 236 (B) (2) as one of the matrimonial actions to which all of the provisions of the statute, *except* equitable distribution, apply should have no bearing on interpreting the reference to a matrimonial action in the statutory definition of marital property subject to equitable distribution in one of the actions listed in section 236 (B) (5).

Nor are we persuaded by defendant's argument that terminating accruals to marital property at the point of the commencement of a separation action conforms to the purpose of the Equitable Distribution Law to treat marriage as an economic partnership of the spouses. The Equitable Distribution Law also envisages that the complete ending of the marital economic partnership should be accompanied by an accounting for and then distribution of marital partnership assets. "Consistent with this purpose [to treat marriage as an economic partnership], and implicit in the statutory scheme as a whole, is the view that upon dissolution of the marriage there should be a winding up of the parties' economic affairs and a severance of their economic ties by an equitable distribution of the marital assets" *(O'Brien v O'Brien,* 66 NY2d 576, 585). It would be anomalous to freeze the status of the assets of the marital economic partnership upon the commencement of a separation action, when that action cannot culminate in the equitable distribution of those assets. On the other hand, because the spouses have the power to provide for the entire disposition of marital assets in a separation agreement, and commonly do so, it was appropriate and consistent to designate the execution of a separation agreement as an alternative terminating event in defining marital property for equitable distribution purposes in Domestic Relations Law § 236 (B) (1) (c).

Thus, we conclude that Supreme Court properly applied the

statute in ruling that property interests acquired by either spouse after the commencement of the separation action in 1982 were subject to being treated as marital property, as defined in Domestic Relations Law § 236 (B) (1) (c), so as to be available for equitable distribution in this later divorce action. We note that this conclusion comports with the majority view of the other Departments *(see, Petre v Petre,* 122 AD2d 559 [4th Dept], *affg on opn below* 130 Misc 2d 333, *supra; Jolis v Jolis,* 98 AD2d 692 [1st Dept]; *contra, Lennon v Lennon,* 124 AD2d 788 [2d Dept]), and is also supported by a leading authority on matrimonial law *(see,* Scheinkman, Practice Commentary and Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:4, at 196-197, 1991 Pocket Part, at 61). This is not to say, however, that the commencement of a separation action may not be considered by the court, among other factors, in actually making an equitable division of subsequently acquired property of either spouse.

Casey, J. (dissenting). In our view, under the clear wording of Domestic Relations Law § 236 (B) (2) an action for a separation is a matrimonial action. Therefore, any assets acquired by defendant after the commencement by plaintiff of an action for a separation, and not otherwise the product of a sale or exchange of any marital property, should be considered separate rather than marital property *(see, Lennon v Lennon,* 124 AD2d 788).

Although, as the majority correctly states, an action for a separation does not terminate the legality of the marriage, such an action does end the economic partnership on which the principles of equitable distribution are based. Accordingly, we respectfully dissent from so much of the majority's statement as holds otherwise.

Mercure and Crew III, JJ., concur with Levine, J.; Casey, J., and Weiss, J. P., dissent in an opinion by Casey, J.

Ordered that the order is affirmed, with costs.