■ ANGELO C. ALAIMO, Respondent-Appellant, v ANNA J. ALAIMO, Appellant-Respondent. [606 NYS2d 117] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Subsequent to filing the notice of appeal from an order directing equitable distribution of the marital estate, a final judgment of divorce was entered, incorporating the directives of that order. This appeal should have been taken from the final judgment, not the earlier order (see, *Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988). We exercise our discretion to treat the notice of appeal as one taken from the judgment (see, CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy, supra*).

The parties physically separated in July 1980. After a 44-year marriage, this action for divorce and equitable distribution of marital property was commenced in January 1989. The trial court (Roberts, J.H.O.) classified the parties' assets either as marital or separate property by using the date that the

parties physically separated. That was error. Domestic Relations Law § 236 (B) (1) (c) provides that marital property consists of property acquired by the parties during the marriage and before the execution of a separation agreement or the commencement of the matrimonial action. Although the parties physically separated in 1980 and their economic partnership effectively ended at that time, the date of commencement of the divorce action must be used for the classification of assets either as marital or separate property *(see, Anglin v Anglin,* 80 NY2d 553; *Petre v Petre,* 130 Misc 2d 333, *affd* 122 AD2d 559).

In the interest of judicial economy and because the record is adequate, we distribute the marital property as of January 1989 *(see, Kobylack v Kobylack,* 62 NY2d 399, 403). In effecting a distribution of assets, the trial court determined that, to the extent possible, the marital assets should be evenly divided. Using a valuation date closest in time to the dates of trial, we conclude that the parties possessed marital property having the following values: husband's bank accounts ($345,797); wife's bank accounts ($15,213); proceeds from sale of rental properties ($101,754); unsold rental properties ($107,000); municipal bonds ($20,000); judgment award of damages ($6,523); husband's residence ($57,000); one-sixth interest in wife's residence ($38,000); and furniture and furnishings in husband's residence ($15,870). The husband's pension and an uncertain amount of loans secured by mortgages payable to the husband also constituted marital property.

The trial court properly determined that the wife is entitled to a one-half interest in the husband's pension benefits. The husband failed to sustain his burden of proving that a portion of those benefits accrued prior to the marriage. Thus, we modify the judgment to provide that the wife is entitled to a one-half interest in all pension benefits paid and payable to the husband after December 31, 1990, the date of valuation of the husband's bank accounts.

We also affirm the trial court's determination that the wife is entitled to the assignment of a one-half interest in the Mazziotti mortgage. Consistent with our conclusion that the parties' assets should have been classified as of January 1989, we modify the judgment to direct the husband to assign also to the wife a one-half interest in the mortgage given by his daughter Elise and her husband.

The trial court properly determined that gifts made to the husband by his brother and an inheritance received by the

wife constituted separate property. Each party is entitled to a credit to be applied against the total amount of his or her respective bank accounts (see, Traut v Traut, 181 AD2d 671, 672; Heine v Heine, 176 AD2d 77, 84, lv denied 80 NY2d 753; Cleary v Cleary, 171 AD2d 1076, 1077). Thus, the value of the husband's bank accounts is reduced by $10,975 and the value of the wife's accounts is reduced by $10,250. The husband's share of the net value of the wife's bank accounts is $2,481.50. After deducting the gift from the husband's bank accounts, the amount of marital property reflected in those accounts is $334,822. The wife's equitable share is $167,411, and, after deducting $2,481.50 for the husband's interest in the wife's account, we modify the judgment of the trial court to direct the husband to pay to the wife the sum of $164,929.50 to effectuate an equitable division of the parties' bank accounts. We further modify the judgment to direct the husband to pay to the wife the sum of $10,000, which is her one-half interest in the municipal bonds held by the husband.

The judgment is modified to direct the husband to pay to the wife the sum of $53,500, which constitutes the wife's one-half interest in rental properties that have not been sold, and, to the extent that it has not yet been distributed, the further sum of $50,877, which constitutes the wife's one-half interest in the proceeds of rental properties that have been sold since commencement of this action.

We agree with the trial court that the parties should retain the interest each possesses in his or her respective residence. Consequently, the judgment is modified to direct the husband to pay to the wife the sum of $9,500, which equalizes the different values for the residences.

We affirm the judgment insofar as it incorporates the remaining portions of the trial court's order directing the husband to pay to the wife the sum of $7,935, representing her equal interest in furniture; directing that the wife is not entitled to permanent maintenance and terminating temporary maintenance payments as of January 21, 1992, except that the husband shall pay $1,325 in maintenance arrears; directing that the parties share equally in the 1990 Federal and State tax liability; directing that the parties be responsible for their own counsel fees and disbursements; and directing that the wife pay the costs for her health insurance coverage. (Appeals from Judgment of Supreme Court, Erie County, Francis, J.—Divorce.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.