◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO SEWARD, Appellant. [671 NYS2d 280] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered August 8, 1996, convicting him of robbery in the first degree, grand larceny in the fourth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing a sentence of imprisonment plus restitution in the amount of $200.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the defendant to make restitution in the amount of $200; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for a hearing and determination as to the proper amount of restitution.

During jury selection, the defendant objected, pursuant to *Batson v Kentucky* (476 US 79), to the prosecution's exercise of five peremptory challenges. On appeal, the defendant contends that the court erred in allowing those challenges. The prosecution proffered a race-neutral explanation for each of the challenges at issue, thereby satisfying its obligation to provide facially-neutral reasons for rejecting the jurors (*see, People v Payne*, 88 NY2d 172, 181; *People v Allen*, 86 NY2d 101, 109-110). The burden then shifted to the defendant to demonstrate that each explanation was pretextual (*see, People v Payne, supra*, at 181). However, the defendant failed to meet this burden in that he offered no explanations to support his assertion that the prosecutor's explanations were a mere pretext for discrimination (*see, People v Payne, supra*, at 181; *People v Morrison*, 235 AD2d 553).

Additionally, the court did not improvidently exercise its discretion by denying the defendant's challenges for cause of two prospective jurors. The jurors' responses to the inquiries of both the court and the defense counsel did not rise to the level of actual bias or otherwise indicate that either of them would be unable to render an impartial verdict (*see, People v Williams*, 63 NY2d 882).

However, as the People concede, the amount of restitution ordered was not supported by the record, since the evidence adduced at trial indicates that the defendant stole from the victim $50 in cash, an undefined amount of change, and the victim's eyeglasses of undetermined value. As a result, a hearing on the proper amount of restitution is required (*see, People v Atkins*, 177 AD2d 492, 493; *People v Clougher*, 95 AD2d 860).

The defendant's remaining contentions are without merit. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.