only. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Negligence.) Present—Pigott, Jr., P. J., Green, Kehoe and Lawton, JJ.

■■■ RAYMOND R. LECHASE et al., Respondents, v FRANK LAMAR et al., Appellants. (Appeal No. 1.) [710 NYS2d 290] —Judgment unanimously affirmed with costs. Memorandum: There is no merit to defendants' contention that Supreme Court erred in this action for dental malpractice in including only one theory of negligence in the verdict sheet submitted to the jury. Although plaintiffs' expert testified concerning more than one deviation from the level of care acceptable in the professional community in which defendant Frank LaMar, D.D.S. practices (*see generally, Schrempf v State of New York*, 66 NY2d 289, 295), plaintiffs relied upon the sole theory that the lack of aggressive postoperative treatment of a fistula caused the injuries sustained by plaintiff Raymond R. LeChase. Thus, the court properly limited both the jury charge and the verdict sheet to that theory. (Appeal from Judgment of Supreme Court, Monroe County, Lunn, J.—Negligence.) Present—Pigott, Jr., P. J., Green, Kehoe and Lawton, JJ.

■■■ RAYMOND R. LECHASE et al., Respondents, v FRANK LAMAR et al., Appellants. (Appeal No. 2.) [710 NYS2d 288] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Green, Kehoe and Lawton, JJ.

■■■ TOWN OF WEST SENECA, Respondent, v AMERICAN REF-FUEL COMPANY OF NIAGARA, L.P., Appellant. (Appeal No. 1.) [710 NYS2d 266] —Appeal unanimously dismissed without costs (*see generally, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.*, 147 AD2d 977). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Green, Kehoe and Lawton, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL HAMILTON, Appellant. (Appeal No. 1.) [711 NYS2d 804] —Judgment unanimously affirmed (*see, People v Lococo*, 92 NY2d 825, 827). (Appeal from Judgment of Niagara County Court, Fricano, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Green, J. P., Wisner, Kehoe and Lawton, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL HAMILTON, Appellant. (Appeal No. 2.) [710 NYS2d 236] —Judgment unanimously affirmed (*see, People v Lococo*, 92 NY2d 825,

827). (Appeal from Judgment of Niagara County Court, Fricano, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Green, J. P., Wisner, Kehoe and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY JONES, Appellant. [708 NYS2d 544] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the verdict is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Likewise, we reject the contention of defendant that he was denied effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147; *People v Trait*, 139 AD2d 937, 938, *lv denied* 72 NY2d 867). Defendant further contends that County Court erred in failing to suppress his statements to the police on the ground that they were involuntary. We disagree. Defendant did not appear intoxicated to the police, he responded in the negative to the officer's question whether he had been drinking or had taken drugs, he was coherent during the interview and he acknowledged that he understood his rights and was willing to answer questions. Based on the totality of the circumstances, we conclude that the statements were voluntarily made (*see, People v Barnes*, 267 AD2d 1020; *see also, People v Downey*, 254 AD2d 794, 795, *lv denied* 92 NY2d 1031; *People v Walker*, 235 AD2d 262, *lv denied* 89 NY2d 1102). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Maloy, J.—Burglary, 1st Degree.) Present—Green, J. P., Wisner, Kehoe and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN BARNES, Appellant. [711 NYS2d 372] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied those parts of the motion of defendant seeking suppression of tangible evidence, identification evidence and the statement he made to the police after receiving *Miranda* warnings. Although defendant was illegally detained and the police failed to provide *Miranda* warnings before commencing their initial interrogation, the "connection between the lawless conduct of the police and the discovery of the challenged evidence [was] '* * * so attenuated as to dissipate the taint' " (*Wong Sun v United States,* 371 US 471, 487, quoting *Nardone v United States,* 308 US 338, 341; *see, People v Salami,* 197 AD2d 715, 715-716, *lv denied* 83 NY2d 876; *see also, People v McCloud,* 247 AD2d 409, *lv denied* 91 NY2d 975; *People v Watson,* 200 AD2d 643, *lv denied* 83 NY2d 859). In any event, any error in admitting that evidence is harmless (*see, People v Crimmins,* 36 NY2d 230, 237; *People v Waasdorp,* 237 AD2d 918, 919, *lv denied* 89 NY2d 1102). (Appeal from Judgment of Supreme