■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON HERRELL, Also Known as CHARLES LEE, Appellant. [717 NYS2d 324] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Juviler, J.), rendered May 19, 1998, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the fifth degree, and unlawful

possession of marihuana under Indictment No. 4207/97, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered May 19, 1998, convicting him of robbery in the first degree under Indictment No. 8931/97, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgments are affirmed.

Those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence were properly denied. The defendant was observed by a police officer fleeing the scene of a robbery at a restaurant. The officer was informed by employees of the restaurant that the defendant and an accomplice were the perpetrators, and the officer and his partner gave chase. The officers never lost sight of the defendant or his accomplice until they entered a building about a half-block away. The officers radioed a description of the perpetrators and asked for additional police officers. The defendant and his accomplice were apprehended by another officer in a building adjoining the one they were seen entering. The men were wearing clothing matching the description given by the officers who initiated the pursuit. These circumstances provided reasonable suspicion allowing the arresting officer to stop and frisk the defendant. That search revealed that the defendant was carrying a weapon (*see, People v Martinez,* 80 NY2d 444; *People v Sharpe,* 259 AD2d 639). In addition, the showup identification was justified by its spatial and temporal proximity to the crime and was not unduly suggestive (*see, People v Duuvon,* 77 NY2d 541). O'Brien, J. P., Ritter, Santucci and Schmidt, JJ., concur.