■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISHAWN BROWN, Appellant. [731 NYS2d 75] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered August 30, 1999, convicting him of robbery in the first degree (six counts), criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly found that the police lawfully stopped the livery cab in which he and his codefendant were passengers. The record reveals that the police officers who stopped the cab at approximately 1:30 A.M. were responding to a report that two men had just committed an armed robbery at a nearby convenience store. The livery cab matched the description of the vehicle in which the robbers had fled, and the arresting officer observed the rear seat passenger engage in furtive conduct. Under these circumstances, the police had reasonable suspicion to believe that the two passengers in the livery cab had been engaged in a crime, thus justifying the stop (*see, People v Sobotker,* 43 NY2d 559, 563; *People v Bhoje,* 275 AD2d 419; *People v Ryan,* 224 AD2d 644). Furthermore, the use of a showup identification procedure was permissible in view of the close spatial and temporal proximity to the crime (*see, People v Duuvon,* 77 NY2d 541; *People v Herrell,* 278 AD2d 339).

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive (*see, People v Kazepis,* 101 AD2d 816). In any event, the defendant's negotiated sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Ritter, J. P., Krausman, Luciano and H. Miller, JJ., concur.