■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS A. BUTTI, Appellant. [742 NYS2d 570] —Appeal by the defendant from (1) a judgment of the County Court, Westchester County (Perone, J.), rendered March 18, 1999, convicting him of grand larceny in the second degree, grand larceny in the third degree (three counts), insurance fraud in the fourth degree, scheme to defraud in the first degree, and falsifying business records in the first degree (four counts), upon his plea of guilty, and imposing sentence, and (2) an order of the same court, entered December 16, 1999, which, without a hearing, amended the sentence and directed the defendant to pay restitution in the total amount of $264,665.58, and a surcharge of 5%.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is reversed, on the law, and the matter is remitted to the County Court, Westchester County, for a hearing on the issue of restitution.

Upon our review of the factors set forth in *People v Taranovich* (37 NY2d 442), we conclude that the defendant's right to a speedy trial was not violated (*see People v Balken,* 269 AD2d 534; *People v Woodard,* 234 AD2d 613, *lv denied* 89 NY2d 989, *cert denied* 520 US 1266).

Moreover, since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive (*see People v Brown,* 287 AD2d 464, *lv denied* 97 NY2d 679; *People v Fontana,* 267 AD2d 398). In any event, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

However, since the defendant specifically requested a hearing on the issue of restitution, the County Court erred in determining the amount of restitution without a hearing (*see* Penal Law § 60.27 [2]).

The defendant's remaining contentions were waived upon his plea of guilty to the entire indictment (*see People v O'Brien,* 56 NY2d 1009; *People v Gerber,* 182 AD2d 252). Altman, J.P., S. Miller, McGinity and Schmidt, JJ., concur.