■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HONG PING LOU, Appellant. [751 NYS2d 44] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Lebowitz, J.), rendered January 10, 2001, convicting her of grand larceny in the third degree, upon her plea of guilty and upon the denial of her motion to withdraw the plea of guilty, and imposing a sentence of five years probation, and entering a confession of judgment not to exceed $100,000.

Ordered that the judgment is reversed, on the law, the defendant's motion to withdraw her plea of guilty is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The defendant, who worked as a live-in housekeeper for the complainant and her husband, allegedly stole thousands of dollars worth of art, antiques, and other property from her employers. When confronted by the complainant, the defendant allegedly returned property valued at $100,000, leaving items missing valued in excess of $80,000.

The defendant initially pleaded guilty to grand larceny in the third degree with a promised sentence of five years probation plus her confession of judgment in the amount of not more than $100,000. However, after the defendant moved to withdraw her plea, that plea agreement was supplanted by a different plea agreement to a misdemeanor charge of petit larceny with a sentence of three years probation and the confession of judgment. Ultimately, neither plea agreement was finalized, as the value of the allegedly stolen property not returned was never determined. When negotiations broke down due to the defendant's refusal to sign a confession of judgment, and despite the prosecutor's acquiescence to the defendant's demands to go to trial, the Supreme Court invoked the initial felony plea and imposed a sentence of five years probation, and issued, without the defendant's signature, a confession of judgment in an amount not to exceed $100,000. This was error.

Contrary to the People's contentions, the defendant's unelaborated waiver of appellate review, included as a component of the initial plea of guilty, was ineffective (see People v Brown, 296 AD2d 860; People v Kemp, 255 AD2d 397). In any event, the basis of the defendant's appellate argument is that her plea was involuntary. "A defendant always retains the right to challenge * * * the voluntariness of the plea" (People v Goss, 286 AD2d 180, 181-182, quoting People v Seaberg, 74 NY2d 1, 10). Moreover, "an unfair bargain or one coerced to conceal error or misconduct * * * is subject to vacatur on direct appeal or by appropriate posttrial proceedings" (People v Seaberg, supra at 11; see People v Holman, 89 NY2d 876, 878).

"In a case where guilt is established pursuant to a plea agree-

ment rather than a trial, evidence to support the restitution amount generally can only be found in the agreement itself or the minutes of the plea allocution * * * If restitution is appropriate but cannot be determined at the time of the plea, any sentence promise included within a plea bargain may properly be subject to a hearing on restitution at sentencing" (*People v Consalvo,* 89 NY2d 140, 144-145; *see People v Bauer,* 229 AD2d 502). Pursuant to Penal Law § 60.27 (2), upon a request by the defendant, the court must conduct a hearing to determine the appropriate amount of restitution (*see People v Butti,* 294 AD2d 591, *lv denied* 98 NY2d 729; *People v Oehler,* 278 AD2d 807; *People v Jackson,* 261 AD2d 636). When a court orders restitution, it must set a fixed monetary value (*see People v Dickson,* 260 AD2d 931).

In this case, although the defendant requested a hearing, the Supreme Court did not hold a hearing, as it clearly wanted the parties to negotiate a settlement on the issue of the actual amount of restitution to be made. However, the parties were unable to reach an agreement and the amount of restitution owed by the defendant was never determined. The complainant placed the outstanding losses at $80,000. The People belatedly provided an inventory reporting unreturned property worth $137,950. Much of this was artwork and antiques that presumably would require expert appraisal. Moreover, the defendant was involved in an apparently intimate personal relationship with the complainant's husband, who admittedly gave the defendant some items of property in anticipation of leaving the complainant. It was not established whether any of that property was included among the unreturned items for which the defendant was to make restitution. Given the conflicting proof as to the identity of the missing items and the value of the actual loss sustained by the complainant, an accurate determination of appropriate restitution could only be made after a hearing (*see People v White,* 266 AD2d 831; *People v Seward,* 249 AD2d 337).

Ordinarily, when restitution is imposed over the defendant's objection without a hearing, the appropriate disposition is to vacate the restitution and remit for a hearing (*see People v Butti, supra; People v Seward, supra*). However, in this case a mere hearing on restitution would not be sufficient. The People insisted upon the defendant's payment of restitution via a confession of judgment as a condition of any plea agreement. Thus, the restitution component was integral to, and the most onerous part of, either proposed probationary plea agreement. But the parties never achieved a meeting of the minds on this

essential term. Indeed, immediately before the imposition of sentence, both the defendant and the People declared a desire to go to trial, and the Supreme Court threatened to jail the defendant for her contempt for refusing to sign the confession of judgment. Clearly there was no voluntary, comprehensive plea agreement. Thus, the defendant's motion to withdraw her plea should have been granted.

The defendant's remaining contentions are without merit. Florio, J.P., S. Miller, Adams and Crane, JJ., concur.