■ GERALDINE SCHULTZ, Respondent, v STEVEN SCHULTZ, Appellant. [765 NYS2d 676] —Rose, J. Appeal from a judgment of the Supreme Court (Hughes, J.H.O.), entered November 8, 2002 in Greene County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in 1969 and have two children who are now emancipated. In 1982, the parties separated for a short time and conveyed their joint title to the marital residence solely to plaintiff pursuant to the terms of a separation agreement. In 1999, plaintiff commenced an action for divorce. Following a hearing, Supreme Court issued a judgment of

divorce that, among other things, distributed the parties' marital property, determined that the marital residence was plaintiff's separate property and ordered defendant to pay plaintiff counsel fees in the amount of $2,500. Defendant now appeals.

Initially, we note our agreement with defendant that, although Supreme Court mentioned several statutory factors in its decision (*see* Domestic Relations Law § 236 [B] [5] [d] [1]-[13]), it failed to set forth the reasons for its distribution of the parties' assets by reference to those factors (*see O'Connell v O'Connell,* 290 AD2d 774, 775-776 [2002], *lv granted* 99 NY2d 503 [2002]. Despite this omission, however, the record and Supreme Court's findings here are sufficient to permit us to make an informed review (*see Moschetti v Moschetti,* 277 AD2d 838, 838-839 [2000]; *Chasin v Chasin,* 182 AD2d 862, 864 [1992]).

Focusing on the marital residence, Supreme Court noted that it was conveyed by plaintiff's parents to both parties in 1981 and the parties then conveyed their interests as tenants by the entirety to plaintiff as sole title owner in November 1982. The record indicates that this conveyance was made pursuant to the terms of the parties' valid separation agreement executed by them on September 15, 1982. In this regard, we note that "the execution of a separation agreement [serves] as [a] * * * terminating event in defining marital property for equitable distribution purposes" (*Anglin v Anglin,* 173 AD2d 133, 136 [1992], *affd* 80 NY2d 553 [1992]; *see* Domestic Relations Law § 236 [B] [1] [c]). Although defendant argues that the record also indicates that this agreement was later abrogated when the parties resumed cohabitation, he does not contend that the agreement was invalid when the conveyance to plaintiff was made. Nor is there any evidence that the conveyance to plaintiff was ever repudiated or nullified. These factors provide a clear rationale for Supreme Court's conclusion that the marital residence is the separate property of plaintiff. We also agree with Supreme Court that defendant failed to offer competent evidence that the market value of the marital residence was enhanced by reason of his contributions made after the conveyance to plaintiff.

We are, however, persuaded that Supreme Court erred in directing that defendant pay plaintiff's counsel fees. While trial courts have considerable discretion in considering counsel fee applications (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Nelson v Nelson,* 290 AD2d 826, 828 [2002]), the factors to be considered must include the nature and extent of

services rendered (*see* Domestic Relations Law § 237 [a]). Here, the only evidence regarding plaintiff's counsel fees is her own testimony as to the total amount owed and the amount she paid. Plaintiff failed to present any documentation as to the nature of the legal services provided, the amount of time spent or the reasonable value of those services (*see Mazzone v Mazzone,* 290 AD2d 495, 496 [2002]; *Day v Day,* 152 AD2d 827, 829 [1989]). Although plaintiff did attempt to submit documentation after the hearing, it was rejected when Supreme Court sustained defendant's objection to it, and plaintiff took no cross appeal from that ruling.

Defendant's remaining contentions have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff counsel fees, and, as so modified, affirmed.