T.C. Memo. 2006-66

UNITED STATES TAX COURT


THOMAS BUTTI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11084-02L.          Filed April 5, 2006.


Thomas Butti, pro se.

<u>Kevin M. Murphy</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent sent a Notice of Determination Concerning Collection Action(s) Under Section 6320[1] (Lien) and/or 6330 (Levy) to petitioner in which respondent determined that it was appropriate to sustain respondent's collection action with

---

[1]  Section references are to the Internal Revenue Code as amended and in effect for the years in issue.

respect to petitioner's unpaid income taxes for 1989, 1990, and 1999.[2]

The parties dispute whether respondent provided petitioner an opportunity for a hearing as required by section 6330(b) and whether petitioner received a notice of deficiency for 1989, 1990, and 1999.  We conclude that respondent did not provide petitioner an opportunity for a hearing and that petitioner did not receive the notice of deficiency.  We will remand the case to respondent to provide an opportunity for a hearing as required by section 6330(b).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.    Petitioner

Petitioner was incarcerated in the Wyoming Correctional Facility, Attica, New York, when the petition was filed.  He lived in the State of New York before and after he was incarcerated.

Before he was incarcerated, petitioner was a licensed chiropractor practicing in Yonkers, New York.  On August 18, 1994, he pleaded guilty to offering a false instrument for filing in the first degree, insurance fraud in the second degree, grand

_____

    [2] Petitioner's tax liability for 1999 is no longer at issue.

larceny in the second degree, and attempted grand larceny in the third degree.

B.    The Notice of Deficiency for 1989 and 1990

Respondent sent Article No. Z 009 132 166 by certified mail to petitioner at the Gowanda Correctional Facility, P.O. Box 311, Gowanda, NY 14070 (Gowanda) and Article No. Z 009 132 167 by certified mail to petitioner at 47 Malverne Road, Scarsdale, NY 10583, on December 30, 1998.  Respondent recorded the mailing on a U.S. Postal Service Form 3877, Acceptance of Registered, Insured, C.O.D. and Certified Mail, or its equivalent, a certified mail list, which stated at the top:  "Statutory Notice of Deficiency for the years indicated have been sent to the following taxpayers".  Gowanda received that item on January 4, 1999.  Petitioner was not housed at Gowanda from October 22, 1998 to January 20, 1999.

Gowanda maintained a log for mail pertaining to inmates' legal proceedings.  Petitioner signed that log in order to receive two items of certified mail on January 21, 1999.  The log does not state the certified mail numbers of the items he received.  Petitioner received various articles of certified mail from respondent while he was incarcerated at Gowanda.

C.    The Section 6330 Hearing

Respondent issued a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, on November 8, 2000.  In the Final Notice, respondent stated that petitioner owed $270,087.60 for 1989, $108,044.26 for 1990, and $5,507.84 for 1999.

On December 1, 2000, petitioner sent to respondent a Form 12153, Request for a Collection Due Process Hearing.  Petitioner was incarcerated at the Wyoming Correctional Facility at that time.  He attached an explanation in which he said he had not received the notice of deficiency and that he was not liable for tax in the amounts stated in the notice.

One of respondent's Appeals officers was assigned to petitioner's case on February 12, 2002.  The Appeals officer kept an activity log for the case in which he said:  (1) The case is very complex; (2) petitioner claims that he had no prior opportunity to contest the underlying liability and he did not receive the notice of deficiency; and (3) the "administrative file indicates that a defaulted * * * [notice of deficiency] is in [the administrative] file".

On May 1, 2002, the Appeals officer sent a letter to petitioner at the Wyoming Correctional Facility stating in part:

> We scheduled the conference you requested on this case for * * * [9:30 a.m., May 21, 2002, at room 1137, 290 Broadway, New York, New York].  Please let me know within 10 days from the date of this letter whether

this is convenient.  If it is not, I will be glad to
arrange another time.

     Our meeting will be informal and you may present
facts, arguments, and legal authority to support your
position.  If you plan to discuss new material, please
send me copies at least five days before our meeting.
You should prepare statements of fact as affidavits, or
sign them under penalties of perjury. * * *.

The Appeals officer knew that petitioner was incarcerated when he
sent that letter.  On May 15, 2002, petitioner wrote the
following to the Appeals officer:

     I received your May 1, 2002, correspondence
affixed hereto, and I respond accordingly.  I was
transferred to the facility listed below and * * *
Wyoming did not forward your correspondence
expeditiously.  Therefore, I apologize for the delayed
response, but it is with just cause.

     I commence by thanking you for scheduling a
conference on this case.  Unfortunately, I am faced
with two challenges:  (1) I am confined to solitary
until July 16, 2002 and I do not have access to a
telephone, legal documents, and/or transportation to
even meet with you at this time.  Furthermore and due
to my indigency status as granted by both Federal and
State courts, I am unable to retain an attorney,
certified public accountant or person enrolled to
practice before the Internal Revenue Service.  I am
currently petitioning a professional willing to assist
pro bono.

    *     *     *     *     *     *     *     *

I humbly request a moratorium until I can either (1)
access my complete file post July 16, 2002, (2) obtain
a pro bono accountant or attorney or, (3) complete my
due process right to a full and fair opportunity to
appeal my criminal case.  * * *.

Petitioner did not meet with the Appeals officer in New York
on May 21, 2002.  On that day, the Appeals officer wrote in his

activity log that he had reviewed respondent's transcripts of account for petitioner's tax year 1989 and 1990, including Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters, and concluded that respondent had followed proper administrative and procedural requirements.

The Appeals officer received and read petitioner's May 15, 2002, letter on May 22, 2002. Even though he told petitioner he would reschedule the hearing at petitioner's request, the Appeals officer did not do so. On June 4, 2002, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. In it, respondent determined that respondent's collection action with respect to petitioner's tax years 1989-90 and 1999 was proper.

OPINION

A.   Whether Respondent Provided Petitioner an Opportunity for a Hearing Under Section 6330(b)

Respondent contends that petitioner was given an opportunity to have a hearing in this case. We disagree. The Appeals officer invited petitioner to attend a hearing and said he would reschedule it if it were inconvenient for petitioner to attend. Petitioner timely requested that it be rescheduled.

As a result of telling petitioner he would reschedule the hearing at petitioner's request, and then not doing so, the Appeals officer denied petitioner the opportunity for a hearing on the issues petitioner had identified in his request for a

hearing. The Appeals officer knew that petitioner had raised numerous issues, none of which the Appeals officer characterized as frivolous. We conclude that petitioner did not have an opportunity for a hearing as required by section 6330(b).

B. Whether Petitioner Received the Notice of Deficiency for 1989 and 1990

A taxpayer may challenge the existence or amount of the underlying tax liability if he or she did not receive a notice of deficiency or otherwise have an opportunity to dispute that tax liability. Sec. 6330(c)(2)(B); Goza v. Commissioner, 114 T.C. 176, 180-181 (2000).

Petitioner contends that he did not receive the notice of deficiency for 1989 and 1990 and that he is not liable for tax in the amount stated in the notice of determination.

Respondent points out that the Form 3877 states that respondent mailed a notice of deficiency to petitioner, Gowanda records state that Gowanda received the item of mail listed in the Form 3877, and that petitioner signed for two articles of certified mail on January 21, 1999. Respondent contends, based on the presumption of official regularity, that petitioner received the notice of deficiency.

Petitioner testified that he did not receive the notice of deficiency. Respondent asks us to disregard petitioner's testimony because he has a criminal record. We disagree. Petitioner's habit is to aggressively assert his rights in

dealings with the U.S. Government.  It appears from his litigating history that he responds to notices as required to preserve his litigating rights.[3]  Respondent does not contend otherwise.  We conclude that petitioner did not receive the notice of deficiency or have any other opportunity to dispute his underlying tax liability for 1989 or 1990.

C.  Conclusion

In appropriate circumstances we may remand a case to the Appeals Office to provide a hearing under section 6330(b).  See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Harrell v. Commissioner, T.C. Memo. 2003-271.  We will remand this case with

---

[3]  Petitioner is litigious, frequently as the plaintiff or appellant.  See, e.g., Butti v. Goord, 769 N.Y.S.2d 200 (2003); People v. Butti, 767 N.Y.S.2d 401 (2003); People v. Butti, 749 N.Y.S.2d 479 (2002); Butti v. Goord, 723 N.Y.S.2d 131 (2001); Butti v. Goord, 716 N.Y.S.2d 38 (2000); People v. Butti, 680 N.Y.S.2d 464 (1998); U.S. Bank Trust Natl. Association Trustee v. Butti, 792 N.Y.S.2d 505 (App. Div. 2005); U.S. Bank Trust Natl. Association Trustee v. Butti, 790 N.Y.S.2d 390 (App. Div. 2005); Butti v. Goord, 765 N.Y.S.2d 313 (App. Div. 2003); People v. Butti, 761 N.Y.S.2d 529 (App. Div. 2003); Butti v. Goord, 760 N.Y.S.2d 377 (App. Div. 2003); State v. Butti, 757 N.Y.S.2d 644 (App. Div. 2003); Butti v. Goord, 753 N.Y.S.2d 908 (App. Div. 2003); People v. Butti, 742 N.Y.S.2d 570 (App. Div. 2002); Butti v. Goord, 716 N.Y.S.2d 349 (App. Div. 2000); Butti v. Goord, 710 N.Y.S.2d 236 (App. Div. 2000); People v. Butti, 672 N.Y.S.2d 794 (App. Div. 1998); Butti v. Angiolillo, 664 N.Y.S.2d 947 (App. Div. 1997); Butti v. Butti, 543 N.Y.S.2d 94 (App. Div. 1989).  Petitioner apparently vigorously asserted his rights in these cases and appealed every adverse ruling.

Petitioner also has tenaciously asserted his rights in this case.  If he received the notice of deficiency, as respondent asserts, we believe he would have taken action to challenge it.

instructions to respondent to offer petitioner an opportunity for hearing under section 6330(b).

<u>An appropriate order will be issued</u>.