■ In the Matter of RICHARD R. BARTON as Chairman and Chief Executive Officer of the Friends and Neighbors of Sagaponack, et al.,

Appellants, v THOMAS HALSEY et al., Constituting the Planning Board of the Town of Southampton, Respondents. In the Matter of GEORGE CAPSIS as Chairperson and Chief Executive Officer of the Friends and Neighbors of Mecox, et al., Appellants, v THOMAS HALSEY et al., Constituting the Planning Board of the Town of Southampton, Respondents. In the Matter of RICHARD R. BARTON as Chairman and Chief Executive Officer of the Friends and Neighbors of Sagaponack, et al., Appellants, v THOMAS HALSEY et al., Constituting the Planning Board of the Town of Southampton, et al., Respondents. In the Matter of RICHARD R. BARTON as Chairman and Chief Executive Officer of the Friends and Neighbors of Sagaponack, et al., Appellants, v ROY WINES et al., Constituting the Planning Baord of the Town of Southampton, et al., Respondents.—In four proceedings pursuant to CPLR article 78, *inter alia,* to review determinations of the respondent planning board to allow the use of "grid" pattern land developments, petitioners appeal from four judgments (one in each proceeding) of the Supreme Court, Suffolk County, three dated May 3, 1978 and the fourth dated November 8, 1978, which dismissed the respective petitions. Judgments affirmed, with one bill of $50 costs and disbursements. Petitioners allege that the respondent planning board improperly failed to consider the State Environmental Quality Review Act (SEQR) (ECL, art 8) prior to its final or preliminary approval of four land subdivisions (see ECL 8-0101 *et seq.).* We note at the outset that petitioners' reliance upon the Department of Environmental Conservation regulations which became effective January 24, 1978 is misplaced since the relevant portions thereof were superseded by new regulations effective November 1, 1978 (6 NYCRR 617.12). Since the law at the date of our decision controls (see *Matter of Demisay, Inc. v Petito,* 31 NY2d 896), we reject petitioners' contention that the SEQR is applicable to the subdivision approvals granted by the planning board. Moreover, we note that the subdivisions are exempt from the SEQR on the ground that preliminary or final plat approvals were given prior to the effective date of the act (see ECL 8-0117; L 1977, ch 252, §§ 11, 14, as amd by L 1978, ch 460). In addition to the SEQR violations, petitioners urge that the planning board failed to discharge its responsibilities under subdivision 1 of section 277 of the Town Law, which requires that subdivision maps be co-ordinated so as to compose a convenient system properly related to the town's master plan. However, the relevant language of the master plan, which calls for preservation of lands having exceptionally productive soils, is merely precatory in nature. Moreover, the development proposals of the master plan, to wit, "cluster development", "transfer of development rights" and maintenance of certain agricultural soils in an undeveloped State, have been partially incorporated into zoning ordinances which are similarly precatory (see, e.g., Town of Southampton Zoning Ordinance, § 2-10-20 *et seq.,* § 2-10-40 *et seq.,* § 2-40-30 *et seq.).* Finally, it is alleged that the planning board had a duty to set forth findings of fact in support of its preliminary and final plat approvals in order to facilitate review pursuant to CPLR 7803. Although it is arguably appropriate to require a record of proceedings in these circumstances, the Legislature has addressed itself to this question in subdivisions 3 and 4 of section 276 of the Town Law and arrived at the contrary conclusion. Accordingly, we reject this contention. We have considered petitioners' remaining arguments and find them to be without merit. Damiani, J. P., O'Connor, Rabin and Gulotta, JJ., concur.