◼ In the Matter of CHEMICAL BANK, Respondent, v EDWARD V. REGAN, as Comptroller of the State of New York, Appellant. — Appeal, by permission, from an order of the Supreme Court at Special Term (Cholakis, J.), entered October 30, 1981 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondent Comptroller's motion to dismiss the petition on the ground that it was barred by the Statute of Limitations. Petitioner's assignor, Lizza and Sons, Inc., filed a claim against the State which was settled against the State for $650,000 after petitioner was substituted as claimant. The settlement was reduced to judgment and entered on December 28, 1979. When petitioner sought to secure payment of the judgment, it was informed that the Comptroller proposed to offset the amount by $67,979.21, representing a Department of Taxation and Finance lien outstanding against petitioner's assignor. Respondent remitted the amount of $582,020.79 to petitioner together with a letter dated April 28, 1980 which stated that this amount was in payment of the judgment and explaining that the amount deducted had been remitted to the State Tax Commission by reason of the tax warrants. By letter dated April 30, 1980, petitioner's attorney acknowledged that it received the reduced amount under protest and reserved its rights to pursue collection of the unpaid portion. On or about June 26, 1981, petitioner commenced the instant article 78 proceeding seeking a judgment directing the Comptroller to pay in full the judgment held by petitioner against the State. Respondent moved to dismiss the petition pursuant to CPLR 3211 (subd [a], par 5), CPLR 7804 (subd [f]) and CPLR 217 on the ground that the cause of action was barred by the four-month Statute of Limitations. Special Term concluded that the four-month Statute of Limitations was inapplicable since there was a continuing duty on the part of the Comptroller to make such payment. This appeal ensued. Special Term based its determination on the fact that the judgment remained unsatisfied. We arrive at a contrary conclusion. The amount of the lien which was deducted from the judgment had been remitted to the State Tax Commission. The balance of the judgment had been paid to petitioner bank. Consequently, the judgment had been paid in full and there were no longer any proceeds left to be disposed of by the Comptroller. It is the appropriateness of the Comptroller's final determination in making the deduction which is being challenged. The Comptroller, as head of the Department of Audit and Control in the State government, is charged with the duty to pay a judgment against the State and obligated to audit it before making the payment (see NY Const,

art V, § 1). That is precisely what was done in the instant case and when the Comptroller exercises his power to audit he acts in a quasi-judicial capacity (*Board of Educ. v State of New York,* 88 AD2d 1057). The record demonstrates that this determination became final and binding in April, 1980 when the Comptroller made the deductions and notified petitioner. An article 78 proceeding against a body or officer must be commenced within four months after a determination becomes final and binding (CPLR 217). Clearly, the instant proceeding was not commenced within this four-month period. The order, therefore, must be reversed and the petition dismissed. Order reversed, on the law, with costs, and motion to dismiss petition granted. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.