■ In the Matter of ROME-FLOYD RESIDENTS ASSOCIATION, INC., et al., Appellants, v COUNTY OF ONEIDA et al., Respondents. — Judgment and order unanimously affirmed, without costs. Memorandum: Petitioners, the Rome-Floyd Residents Association, Inc., appeal from a dismissal of their CPLR article 78 proceeding in which they seek the annulment of certain resolutions passed by the Oneida County Board of Legislators concerning a resource recovery facility to be located near Griffiss Air Force Base in the outskirts of Rome. It is petitioners' claim that the actions taken were invalid because no environmental impact statement had been prepared for the project (see *Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury,* 55 NY2d 41). The county listed the project as one "undertaken or approved" by November 1, 1978 and therefore exempted from the requirement that an environmental impact statement be prepared (ECL 8-0109, subd 2) by virtue of the so-called "grandfathering" provision (ECL 8-0111, subd 5, par [a]; see ECL 8-

0117, subd 4; L 1977, ch 252, § 12, as amd by L 1978, ch 460, § 3). In a parallel administrative proceeding involving the same project petitioners requested the Commissioner of Environmental Conservation to "ungrandfather" the project (ECL 8-0111, subd 5, par [a], cl [i]) and to require respondents to prepare a full environmental impact statement in compliance with ECL 8-0109 (subd 2). Because the commissioner granted their request only in part and required a limited and not a full environmental impact statement, petitioners have commenced a separate CPLR article 78 proceeding against the commissioner (*Matter of Rome-Floyd Residents Assn. v Flacke*, 93 AD2d 981). In the instant proceeding Special Term dismissed the petition because of the pendency of the parallel proceeding involving the commissioner's "ungrandfathering" and because petitioners had not exhausted their administrative remedies. Insofar as the instant petition against the county concerns the alleged inadequacy of the environmental impact statement as required by the commissioner in the parallel administrative proceeding, we agree with Special Term's reason for dismissal. The petition, however, also is directed at the alleged impropriety of the county's action in listing the project as one "undertaken or approved" (ECL 8-0111, subd 5, par [a]) prior to November 1, 1978. A project is "grandfathered" when the local agency submits to its chief fiscal officer a list of projects which it deems to have been "undertaken or approved" and the chief fiscal officer within 30 days certifies that substantial time, work, or money have been spent on the projects (L 1977, ch 252, § 12, as amd by L 1978, ch 460, § 3). We note that the commissioner in interpreting his own regulations determined that the "grandfathering" date for projects of this type was November 1, 1978, and that the Legislature in "clarifying" ECL 8-0117 (subd 4) (in L 1977, ch 252, § 12, as amd by L 1978, ch 460, § 3) established November 1, 1978 as the date by which a project of this type must be approved by the local agency in order to be "grandfathered" (see, generally, *Matter of Barton v Halsey*, 67 AD2d 726; *New York State Urban Dev. Corp. v Vanderlex Mdse. Co.*, 98 Misc 2d 264, 280; but see *Matter of Northeast Solite Corp. v Flacke*, 91 AD2d 57, 60). Here, the list submitted by the county planning commissioner on October 30, 1978 and certified by the comptroller on November 29, 1978, showed that planning for the resource recovery facility had begun in 1973, and that $100,000 had been spent on counseling services and staff salaries, and that approval had been obtained from the Air Force. In this aspect of the proceeding the attack is on the conduct of the county in "grandfathering" the project in November, 1978, an action over which the State has no control and which is not a subject of the parallel administrative proceeding. Therefore, Special Term's reason for dismissal would not be pertinent. However, this aspect of the proceeding is barred by CPLR 217 inasmuch as it was not commenced until July 21, 1981. We reject petitioners' contention that because they attack the validity of two resolutions passed on May 13, 1981, their proceeding is timely. Their attack on the resolutions, i.e., that they were improperly passed without preparation of an environmental impact statement, necessarily depends upon their contention that the project was not properly "grandfathered" in 1978. In measuring limitations periods, courts must "look for the reality, and the essence of the action" (*Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264; see *Matter of Chemical Bank v Regan*, 90 AD2d 581, affd 58 NY2d 809). Here, the essence of petitioners' proceeding is their attack on the act which exempted the project from compliance with ECL 8-0109 (subd 2), i.e., the designation of the project as one "undertaken or approved" by November 1, 1978. (Appeal from judgment and order of Supreme Court, Oneida County, O'Donnell, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.