■ In the Matter of BRUCE S. FAY, Appellant, v DONALD BUTCHER, as Commissioner of the Department of Agriculture and Markets, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered May 27, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

In disciplinary charges against petitioner, a food inspector with the Department of Agriculture and Markets, it was alleged that he filed fraudulent vouchers for reimbursement of job-related travel expenses. Petitioner filed a notice of grievance and, pursuant to the collective bargaining agreement in effect, arbitration proceedings were commenced. On December 29, 1986, following several hearings before the arbitrator, the matter was settled in a stipulation of settlement and consent award. It was provided that petitioner would resign his position and be paid $10,000 in satisfaction of any and all sums which might be owed to him by the State and for relinquishing his right to contest the charges against him.

In a January 6, 1987 letter from Anders Andersson, Assistant Personnel Director of the Department, petitioner's attorney was advised, *inter alia,* that the $10,000 payment "would be subject to the normal withholding deductions inasmuch as such settlement would represent back wages", and that the settlement was subject to approval by respondent Comptroller. The letter further notified petitioner that the Comptroller required an affidavit from petitioner stating whether, during the suspension period, he had received public assistance, unemployment benefits or wages from other employment, and if so, the amount and source thereof. Petitioner's attorney responded by letter dated January 9, 1987 contending that the payment was not for wages and that no deductions should be made. The Department reiterated its position in a January 26, 1987 letter to petitioner's attorney and advised that the Comptroller was holding the settlement in abeyance pending receipt of the requisite affidavit.

This CPLR article 78 proceeding in the nature of mandamus was commenced July 15, 1987 against respondents "to compel the State to perform its mandated obligations consistent with the award". Additionally, petitioner alleged that the "determination of the Comptroller is arbitrary, capricious and unreasonable and totally unsupported by the evidence". Respondents moved to dismiss the petition on objections in point of law for failure to state a cause of action and on the further ground that the proceeding was untimely. Supreme Court found both the January 6 and January 26, 1987 letters were notice to petitioner that the Comptroller refused his demands for payment thereby triggering the four-month limitation period, and dismissed the petition as time barred. This appeal ensued.

We find that respondent's letters of January 6 and January 26, 1987 were unequivocal refusals of petitioner's demand for payment and notified him that settlement was subject to the approval of the Comptroller, who required petitioner's affidavit of income from outside sources. Petitioner contends that no demand was ever made upon respondents to perform their duty and that the limitation period never commenced to run. We disagree. It is conceded that the arbitrator's consent award was before the Department for payment. That award states, in pertinent part, that "the State shall pay [petitioner] the sum of $10,000 (ten thousand) in satisfaction of any and all sums which may be owed to him by the State". It is further conceded that petitioner's attorney and Andersson spoke to each other on the telephone on January 6, 1987. Andersson's letter written that day and the attorney's response of January 9, 1987 confirm that petitioner sought payment of the $10,000 award without deduction and without approval by the Comptroller. Any possible doubt as to respondents' position was dispelled by Andersson's January 26, 1987 letter which, together with his earlier letter, clearly notified petitioner of a determination upon the matter by respondents refusing to comply with petitioner's interpretation of the award.

In measuring limitation periods, courts must look for the reality and the essence of the action (Matter of Rome-Floyd Residents Assn. v County of Oneida, 93 AD2d 979). It cannot be said that petitioner was unaware that both the Department and the Comptroller refused to make payment of the full sum awarded him or that he was not notified of those determinations in January 1987. Even assuming, arguendo, that petitioner did not believe that he had made demand for payment,

his attorney's letter of January 9, 1987 constitutes a demand which was clearly and unambiguously rejected in Andersson's January 26, 1987 letter. The position of all parties was clear at that time, and commencement of these proceedings on July 15, 1987 was therefore untimely *(see,* CPLR 217; *Matter of Chemical Bank v Regan,* 90 AD2d 581, *affd* 58 NY2d 809).

Having thus held, we need not reach petitioner's remaining argument.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.