■ JAMES HORNE, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [731 NYS2d 781] —Mugglin, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered July 20, 2000 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, a plastic surgeon, instituted this action asserting a human rights violation under Executive Law § 296. His contention is that defendant, by revoking his license to practice medicine, discriminated against him because of his disability stemming from adult Attention Deficit Disorder (hereinafter ADD). Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Defendant argued that the essence of plaintiff's cause of action sought judicial review of the determination revoking his medical license and that review must be made pursuant to a CPLR article 78 proceeding (*see*, Public Health Law § 230-c [5]) which was time barred (*see*, CPLR 217). Additionally, defendant asserted that plaintiff's cause of action was also barred by the doctrines of res judicata and collateral estoppel. Without reaching defendant's additional contentions, Supreme Court granted the motion for summary judgment finding that plaintiff was actually seeking review of the revocation of his medical license which should have been initiated in a CPLR article 78 proceeding and was now time barred. Plaintiff appeals.

"In measuring limitations periods, courts must 'look for the reality, and the essence of the action' " (*Matter of Rome-Floyd Residents Assn. v County of Oneida*, 93 AD2d 979, 980, quoting *Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264; *see*, *Matter of Fay v Butcher*, 155 AD2d 760, 761). A review of the complaint herein reveals that plaintiff alleges, *inter alia*, wrongful revocation of his license because of erroneous conclusions as to the nature of his psychiatric disability that were reached by a Hearing Committee of the State Board for Professional Medical Conduct and affirmed by the Administrative Review Board for Professional Medical Conduct (hereinafter ARB), as they arbitrarily rejected the testimony of plaintiff's experts and credited the testimony of defendant's experts. For relief, plaintiff seeks, *inter alia*, an order requiring the return of his license to practice medicine. These allegations clearly challenge the determination of the ARB and the relief that plaintiff seeks necessarily depends upon a reversal of the ARB's determination that his license should be revoked. We therefore affirm Supreme Court's determination that the essence of this action seeks review of the ARB's determination and that, pursuant to Public Health Law § 230-c (5), such review must be sought via a CPLR article 78 proceeding.

In so holding, we specifically reject plaintiff's argument that because Public Health Law § 230-c (5) provides that an order "may be reviewed pursuant to [CPLR article 78]," an article 78 proceeding is not the sole means to review a determination of

the ARB. We concur with Supreme Court that the use of the word "may" indicates only that article 78 review is not mandated. Moreover, to permit review in an independent action would circumvent that body of law which defines the extent of judicial review of administrative proceedings and could lead to wholly inconsistent ultimate determinations. Having so concluded, we find it unnecessary to address the issues of res judicata and collateral estoppel which Supreme Court reached only in dicta.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.