■ STATE OF NEW YORK, Respondent, v THOMAS A. BUTTI, Appellant. [757 NYS2d 644] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered September 4, 2001 in Albany County, which granted plaintiff's motion for summary judgment.

After defendant, a chiropractor, pleaded guilty to grand larceny in the second degree, insurance fraud in the second degree, attempted grand larceny in the third degree, and offering a false instrument for filing in the first degree, he was sentenced to 3 to 9 years in prison and ordered to pay restitution in the amount of $184,492 (*People v Butti*, 250 AD2d 859 [1998], *lv denied* 92 NY2d 923 [1998]). Thereafter, the Department of Education charged defendant with professional misconduct pursuant to Education Law § 6509 (5) (a) (i). Defendant did not appear, but made a written submission to the Regents Review Committee in opposition to the charges. In a June 1999 determination, defendant was found guilty and his license was revoked. In addition, a fine of $10,000 was imposed. Following defendant's failure to pay, plaintiff initiated this ac-

tion in January 2001 to recover the unpaid fine. In his answer, defendant argued that he was denied due process because he was unable to attend the hearing and his guilty pleas were coerced. He also requested that the fine be stayed until he is no longer incarcerated. Plaintiff moved for summary judgment and Supreme Court granted the motion, prompting this appeal.

Defendant's principal argument, raised for the first time on appeal, is his claim that the administrative fine is excessive and unconstitutionally punitive. Significantly, failing to raise an issue before Supreme Court results in that issue being unpreserved for appellate review (*see Matter of Terminix Intl. Co. v Assistant Commr. for Hearings & Mediation Servs. for N.Y. State Dept. of Envtl. Conservation*, 301 AD2d 810, 812 [2003]). Moreover, even if this Court considered this issue in the interest of justice (*see Progressive Cas. Ins. Co. v Baker*, 290 AD2d 676, 677 [2002]), we would determine that it should have been raised in a CPLR article 78 proceeding following the issuance of the Department's determination (*see Horne v New York State Dept. of Health*, 287 AD2d 940, 942 [2001]; *see e.g. Matter of Weg v DeBuono*, 269 AD2d 683 [2000], *lv denied* 94 NY2d 764 [2000]). Inasmuch as defendant failed to do so within the applicable four-month statute of limitations period, the proceeding would be time-barred (*see Horne v New York State Dept. of Health, supra* at 941; *see also* CPLR 217). In any event, were we to reach the merits, given the record evidence of defendant's submission of numerous false insurance claims resulting in the theft of large sums of money, we would find no error in the penalty imposed (*see Matter of Galin v DeBuono*, 259 AD2d 788, 790 [1999], *lv denied* 93 NY2d 812 [1999]; *Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills*, 250 AD2d 122, 126, *lv denied* 93 NY2d 803 [1999]).

We have examined defendant's remaining arguments and find them either without merit or not properly before us.

Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.