■ James Pembroke, Appellant, v New York State Office of Court Administration, Respondent. [761 NYS2d 214] —Order, Supreme Court, New York County (Jane Solomon, J.), entered August 15, 2002, which, in an action for employment discrimination based on disability, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

At the time of the alleged discrimination in 1995, Executive Law § 292 (former [21]), with respect to employment discrimination, limited the term "disability" to physical, medical or mental impairments that "do not prevent the complainant from performing in a reasonable manner the activities involved in the job." Defendant amply demonstrates that plaintiff was unable to perform his duties in a reasonable manner. Accordingly, any inference of discrimination is refuted, entitling defendant to judgment as a matter of law (*see Dantonio v Kaleida Health,* 288 AD2d 866 [2001], *lv denied* 98 NY2d 604 [2002]; *Kwarren v American Airlines,* 303 AD2d 722 [2003]). In any event, even if defendant owed plaintiff a duty to accommodate his disability, plaintiff failed to satisfy his initial burden of showing that he proposed and was refused an objectively reasonable accommodation (*see Moritz v Frontier Airlines, Inc.,* 147 F3d 784, 787 [8th Cir 1998]). The only accommodations proposed by plaintiff—that his workload be reduced or that he be relieved of time constraints—would have required the reassignment of much of his work to coworkers, and were therefore unreasonable (*see id.* at 788, citing, inter alia, *Gilbert v Frank,* 949 F2d 637, 644 [2d Cir 1991]). The reclassification of plaintiff's position as noncompetitive rather than competitive under the Handicapped Set Aside Program did not violate the Human Rights Law, since it was not based on plaintiff's dis-

ability but rather his failure to sit for the examination required for a competitive position (*see Realbuto v Howe,* 872 F Supp 1103 [ND NY 1993], *affd* 29 F3d 620 [2d Cir 1994], *cert denied* 513 US 1078 [1995]). We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.