■ DONALD ELMORE, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [790 NYS2d 462]—

In an action, inter alia, to recover damages for battery, intentional infliction of emotional distress, gender discrimination, and hostile work environment, the defendant City of New

York appeals from so much of an order of the Supreme Court, Queens County (Schulman, J.), entered August 5, 2003, as denied those branches of its motion pursuant to CPLR 3211 (a) (7) which were to dismiss the second, fourth, fifth, and sixth causes of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to dismiss the second, fourth, fifth, and sixth causes of action insofar as asserted against the appellant are granted, the complaint is dismissed in its entirety insofar as asserted against the appellant, and the action against the remaining defendant is severed.

On January 25, 2001, the defendant Thomas Morales, an employee of the defendant City of New York, allegedly pulled down the plaintiff's pants and underwear in front of several coworkers in the personnel office of the Otis Bantum Correctional Center on Rikers Island. The plaintiff commenced this action against Morales and the City, inter alia, to recover damages for battery, intentional infliction of emotional distress, gender discrimination, and hostile work environment. The City moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. The Supreme Court denied those branches of the City's motion which were to dismiss the second, fourth, fifth, and sixth causes of action insofar as asserted against it. We reverse insofar as appealed from.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). "[T]he criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). Here, the Supreme Court should have granted those branches of the motion which were to dismiss the causes of action to recover damages for battery and intentional infliction of emotional distress insofar as asserted against the City. An employer is vicariously liable for the torts of its employee, even when the employee's actions are intentional, if the actions were done while the employee was acting within the scope of his or her employment (*see Riviello v Waldron,* 47 NY2d 297, 302 [1979]). However, the alleged battery and intentional infliction of emotional distress committed by Morales were "solely for personal motives unrelated to the furtherance of [the City's business]" (*Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401, 402 [1994]).

The plaintiff's allegations also were insufficient to state causes of action to recover damages for gender discrimination and hostile work environment against the City (*see e.g. Mascola v City Univ. of N.Y.*, 14 AD3d 409 [2005]).

Thus, the Supreme Court should have granted those branches of the City's motion which were to dismiss the second, fourth, fifth, and sixth causes of action insofar as asserted against it. Krausman, J.P., Mastro, Rivera and Skelos, JJ., concur.