■ GERARD V. SUNNEN, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH, BOARD OF PROFESSIONAL MEDICAL CONDUCT, Respondent. [789 NYS2d 427]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 2, 2004, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff's license to practice psychiatry was revoked in 1996 for engaging in sexual relations with two of his patients, improperly prescribing medication for them, and consuming alcohol with one of them. Plaintiff brought a CPLR article 78 proceeding in the Appellate Division, Third Department, which has exclusive jurisdiction to review determinations of the Administrative Review Board for Professional Medical Conduct (Public Health Law § 230-c [5]; *Horne v New York State Dept. of Health*, 287 AD2d 940 [2001]). That Court confirmed the administrative determination, rejecting plaintiff's challenge based on an unsubstantiated allegation of personal bias on the part of one member of the Board's Hearing Committee (*Matter of Sunnen v Administrative Review Bd. for Professional Med. Conduct*, 244 AD2d 790 [1997], *lv denied* 92 NY2d 802 [1998]).

Five years later, plaintiff now seeks vacatur of the revocation and a de novo hearing on the ground that the Administrative Law Judge who presided over his disciplinary hearing should have recused himself because he lived in the same apartment building as one of the complaining witnesses. In these circumstances, this action was properly dismissed for lack of subject matter jurisdiction. Concur—Tom, J.P., Andrias, Ellerin, Gonzalez and Catterson, JJ.