■ FRED W. BISTRISKY, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [804 NYS2d 443]—

Lahtinen, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered June 22, 2004 in Albany County, which granted defendants' motion to dismiss the complaint.

Plaintiff is a correction officer employed by defendant Department of Correctional Services (hereinafter DOCS) at a shock incarceration camp where most officers wear "class C" gray uniforms rather than the "class B" blue uniforms generally worn at other types of correctional facilities. The gray uniforms include high cut boots with pants bloused into the boots. After being diagnosed with diabetes, plaintiff requested permission to wear low cut shoes because the high cut boots with bloused pants impeded his blood circulation. He was examined by a DOCS doctor, who agreed with plaintiff's personal physician that he should be excused from wearing high cut boots. Accordingly, in November 2000, plaintiff was directed to wear the class B blue uniform, which permits low cut shoes as standard attire as per the pertinent DOCS directive. Plaintiff claims that, thereafter, he was called names by some supervisors and other correction officers because he was not wearing the gray uniform

like most other officers at the shock camp. Plaintiff requested permission to wear the gray uniform, but with low cut shoes. The request was denied.

In October 2003, plaintiff commenced this action under the Human Rights Law (*see* Executive Law art 15) alleging, among other things, that DOCS failed to provide a reasonable accommodation for his disability. He sought injunctive relief and monetary damages. Defendants moved to dismiss upon the grounds that the action should be treated as a CPLR article 78 proceeding and dismissed as time-barred by the four-month statute of limitations and, alternatively, that the complaint failed to state a viable cause of action. Supreme Court granted defendants' motion, and this appeal ensued.

We turn first to the statute of limitations issue. An action against the State for an alleged violation of the Human Rights Law is governed by a three-year statute of limitations (*see Koerner v State of N.Y., Pilgrim Psychiatric Ctr.*, 62 NY2d 442, 448 [1984]; *Mascola v City Univ. of N.Y.*, 14 AD3d 409, 409 [2005]; *Alimo v Off-Track Betting Corp.*, 258 AD2d 306, 306-307 [1999]). Merely attaching a Human Rights Law label to a pleading does not, however, ensure the applicability of the three-year statute of limitations since it is the essence of the action that controls (*see Horne v New York State Dept. of Health*, 287 AD2d 940, 941 [2001]). Hence, in *Horne*, we rejected an effort to use the Human Rights Law to circumvent the well-settled procedure for seeking review of a quasi-judicial administrative determination revoking a doctor's license. By way of contrast, the issue of whether an accommodation for a disability is reasonable is an integral element of the Human Rights Law violation alleged by plaintiff (*see generally* Executive Law § 292 [21-e] [defining "reasonable accommodation"]; *Pembroke v New York State Off. of Ct. Admin.*, 306 AD2d 185, 185 [2003]). Moreover, accepting defendants' argument would have the effect of shortening the statute of limitations for certain Human Rights Law violations asserted against the State, and the Court of Appeals has held that the State is not entitled to a limitations period shorter than private employers with respect to alleged violations of such law (*see Koerner v State of N.Y., Pilgrim Psychiatric Ctr., supra* at 446-448). We thus conclude that plaintiff's action was timely.

However, even assuming the truth of plaintiff's pleadings and affording him the benefit of every favorable inference under the liberal standard applicable at this early stage of the litigation, the complaint fails to state a viable Human Rights Law violation (*see Elmore v City of New York*, 15 AD3d 334, 335-336

[2005]; *Mascola v City Univ. of N.Y., supra* at 409-410). Here, plaintiff requested an accommodation of being permitted to wear low cut shoes and excused from blousing his trousers. This request was granted in that he was allowed to wear low cut shoes and not blouse his trousers as part of accepted attire with the class B blue uniform. The class B blue uniform is a standard uniform correction officers are required to wear when so directed (*see* Department of Correctional Services Directive 3083 "Uniform/Equipment Issue and Appearance"), it is worn by the majority of officers at most correctional facilities, and it was worn by some employees at the shock camp where plaintiff worked. It is clear that plaintiff is able to perform his job in such uniform, and it accommodates his disability (*see* Executive Law § 292 [21-e]; PJI2d 9:4.1 [2005]; *see also Mitchell v Washingtonville Cent. School Dist.*, 190 F3d 1, 6 [2d Cir 1999]; *Pembroke v New York State Off. of Ct. Admin., supra* at 185). Plaintiff's remaining contentions have been considered and found to be lacking in merit.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.