■ JOEL BEJA, Respondent, v MEADOWBROOK FORD, Doing Business as SYOSSET FORD, et al., Appellants, et al., Defendant. [852 NYS2d 268]—

In an action, inter alia, to recover damages for wrongful termination of employment, the defendants Meadowbrook Ford, doing business as Syosset Ford, and Steven Weiss appeal from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 1, 2006, as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them and granted the plaintiff's cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint, among other things, to add certain causes of action against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendants Meadowbrook Ford, doing business as Syosset Ford, and Steven Weiss pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them is granted and the plaintiff's cross motion for leave to amend the complaint is denied.

The plaintiff formerly was employed by the defendant Meadowbrook Ford, doing business as Syosset Ford (hereinafter Syosset), which is owned in part by the defendant Steven Weiss. The plaintiff alleges that he was assaulted by the defendant Francis Esposito, who was then his coworker at Syosset. The plaintiff asserted several causes of action against the defendants Syosset, Weiss, and Esposito. Syosset and Weiss jointly moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7), and the plaintiff cross-moved for leave to amend the complaint pursuant to CPLR 3025 (b), inter alia, to add certain causes of action against Syosset and Weiss. In the order appealed from, the Supreme Court, among other things, denied the motion of Syosset and Weiss to dismiss the complaint and granted the plaintiff's cross motion for leave to amend the complaint. We reverse the order insofar as appealed from.

"On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleadings a liberal construction, accept all facts as alleged in the pleadings to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Holmes v Gary Goldberg & Co., Inc.*, 40 AD3d 1033, 1034 [2007]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). Applying this standard, the complaint does not state a cause of action insofar as asserted against Syosset and Weiss. With regard to these defendants, the plaintiff's allegations were insufficient to state causes of action to recover damages for personal injuries under principles of vicarious liability (*see Elmore v City of New York*, 15 AD3d 334, 335 [2005]), were barred by the exclusivity provision of Workers' Compensation Law §§ 11 and 29 (6) (*see Martinez v Canteen Vending Servs. Roux Fine Dining Chartwheel*, 18 AD3d 274, 275 [2005]; *Conde v Yeshiva Univ.*, 16 AD3d 185, 187 [2005]; *Miller v Huntington Hosp.*, 15 AD3d 548, 549-550 [2005]), or otherwise failed to give rise to any cause of action (*see Ortega v City of New York*, 9 NY3d 69 [2007]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]).

Moreover, the Supreme Court should have denied the plaintiff's cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint, inter alia, to add certain causes of action against Syosset and Weiss. While leave to amend a complaint should be freely given (*see* CPLR 3025 [b]), where, as here, the proposed amendment "is palpably insufficient or patently devoid of merit" (*G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007]), the amendment should not be permitted.

Accordingly, the motion to dismiss the complaint insofar as asserted against Syosset and Weiss should have been granted and the cross motion for leave to amend the complaint should have been denied. Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.