In the Matter of the Foreclosure of Tax Liens by the COUNTY OF SULLIVAN, Respondent. ABC PACIFIC REALTY, LLC, Appellant. [— NYS2d —]—

Malone Jr., J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered June 21, 2007, which, in a proceeding pursuant to RPTL article 11, among other things, granted petitioner's motion for summary judgment.

Beginning in the 1970s, the parcel of property at issue in this proceeding—a now-defunct shopping plaza located in the Town of Thompson, Sullivan County—was owned by the Sullivan County Industrial Development Agency (hereinafter IDA) and, as a result, was exempt from property taxes. Over the years, the property experienced a significant decline in value, suffering tenant vacancies and infrastructure problems. In 2001, respondent, ABC Pacific Realty, LLC, purchased, for $675,000, the assignment of a $4.8 million mortgage on the property, which had been in default for many years. Respondent then apparently commenced a mortgage foreclosure proceeding against the IDA, AP Equity, Inc., as the mortgagor and equitable owner of the property, as well as various commercial tenants. While that proceeding was pending, on May 6, 2002, at 9:54 A.M., the IDA transferred title to the property to AP Equity, a taxable entity. At 9:59 A.M. that same day, AP Equity transferred the property to the Unkechaug Indian Nation, another taxable entity.

As a result of the transfer from the IDA to AP Equity, the property's tax status changed from exempt to nonexempt and the Assessor for the Town of Thompson was required to reassess the property (see RPTL 520). The Assessor sent notice of the reassessment, which was completed on July 24, 2002, to the Unkechaug Indian Nation as it was the record owner of the property at the time. The Unkechaug Indian Nation did not respond to the notice or object to the reassessment.

In September 2002, respondent purportedly obtained a judgment against AP Equity and others in the mortgage foreclosure proceeding and became the titled owner of the property in March 2003. However, since that time, respondent has not remitted any tax payments with respect to the property to

petitioner. Consequently, in October 2004, petitioner commenced this RPTL article 11 tax foreclosure proceeding. In its answer, respondent alleged, among other things, that the Assessor improperly sent notice of the July 2002 reassessment to the Unkechaug Indian Nation—rather than AP Equity, which was the first owner after the change in tax status—and, as a result, respondent was unlawfully deprived of its right, as mortgagee of AP Equity, to receive notice of the reassessment and to challenge it. Thereafter, County Court granted petitioner's motion for summary judgment and denied respondent's cross motion for the same relief. Respondent now appeals.[1]

Pursuant to RPTL 520, when title to real property receiving a tax exemption is transferred to a person or entity that is not entitled to an exemption, the property becomes immediately subject to reassessment and taxation. When an assessor becomes aware of the transfer, he or she must reassess the property as of the date of transfer (*see* RPTL 520 [2]) and then notify the "new owner" of his or her right to a review of the assessment in accordance with the RPTL provisions pertaining to the correction of the assessment rolls (RPTL 520 [2]; *see* RPTL 553 [2] [b]).[2]

Respondent contends that, when read literally, RPTL 520 (2) mandates that AP Equity, as the "new owner" of the property after its change in tax status, was entitled to notice of the reassessment. However, unusual circumstances are presented here in that five minutes after receiving title from the IDA, the "new owner"—AP Equity—transferred title to the Unkechaug Indian Nation, thereby extinguishing AP Equity's ownership interest in the property and its corresponding right under RPTL 553 (2) (b) to receive notice of the subsequent reassessment.[3] Inasmuch as the Unkechaug Indian Nation was the owner of record at the time of the reassessment—and had been for all but the first five minutes after the property's tax status changed more than two months prior to the reassessment—it was not unreasonable or

---

**1.** The parties stipulated to a stay of County Court's judgment pending this appeal.

**2.** These provisions govern the notice requirement inasmuch as, for purposes of reassessment, the property is considered to have been omitted from the prior assessment rolls (*see* RPTL 520 [3], [4]).

**3.** This provision mandates that, at least 10 days prior to the date designated for review of assessments made to correct the assessment roll, the assessor provide notice to "any owner" of property affected by such assessments (RPTL 553 [2] [b]). This is in contrast to the language of RPTL 704, which provides that "[a]ny person claiming to be aggrieved by any assessment" may commence an RPTL article 7 proceeding to challenge that assessment.

otherwise improper, under the circumstances presented here, for the Assessor to provide notice of the reassessment only to the Unkechaug Indian Nation.

Respondent's claims regarding its purported standing to challenge the assessment in a RPTL article 7 proceeding as mortgagee of the property are not relevant in the context of this RPTL article 11 tax foreclosure proceeding. Moreover, its contention that the reassessment constitutes an unconstitutional taking was raised for the first time on appeal and, therefore, is not properly before this Court (*see Colley v Romas*, 50 AD3d 1338, 1339 [2008]; *Matter of Schulz v State of New York*, 241 AD2d 806, 808 [1997], *appeal dismissed* 90 NY2d 1007 [1997]).

Given the foregoing, and considering that respondent did not remit any tax payments to petitioner in an effort to redeem the property, we are not persuaded that Supreme Court erred in granting petitioner's motion for summary judgment.

Mercure, J.P., Spain, Carpinello and Stein, JJ., concur. Ordered that the order is affirmed, without costs.