# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**46**

**TP 10-01806**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF BISILOLA JACKSON, AS
ADMINISTRATRIX OF THE ESTATE OF JERELENE GIWA,
DECEASED, AND MADRENE KEMP, PETITIONERS,

                    V                        MEMORANDUM AND ORDER

BUFFALO MUNICIPAL HOUSING AUTHORITY, RESPONDENT.
--------------------------------------------------
NEW YORK STATE DIVISION OF HUMAN RIGHTS,
RESPONDENT.

---

THE LAW OFFICE OF LINDY KORN, BUFFALO (LINDY KORN OF COUNSEL), FOR
PETITIONERS.

SLIWA & LANE, BUFFALO (PAUL F. MURAK OF COUNSEL), FOR RESPONDENT
BUFFALO MUNICIPAL HOUSING AUTHORITY.

---

    Proceeding pursuant to Executive Law § 298 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Erie County [Frank A.
Sedita, Jr., J.], entered August 2, 2010) to review a determination of
respondent New York State Division of Human Rights.  The
determination, among other things, found that respondent Buffalo
Municipal Housing Authority did not engage in unlawful discriminatory
practices against petitioners.

    It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

    Memorandum:  Petitioners commenced this CPLR article 78
proceeding seeking to annul the determination of respondent New York
State Division of Human Rights (SDHR) dismissing the complaints of
decedent Jerelene Giwa and petitioner Madrene Kemp.  Giwa and Kemp,
who are African-American, alleged that respondent Buffalo Municipal
Housing Authority (BMHA) engaged in unlawful employment
discrimination.  We conclude that substantial evidence supports SDHR's
determination that petitioners failed to establish a prima facie case
of unlawful employment discrimination based on race (*see generally
Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106).
Petitioners failed to establish that the layoffs of Giwa and Kemp from
their positions as case managers with BMHA "occurred under
circumstances giving rise to an inference of discriminatory motive"
(*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 306).  The
retention by BMHA of a Caucasian registered nurse, an independent

contractor who provided services to BMHA's elderly tenants, does not give rise to such an inference. The education, qualifications, duties and employment status of the nurse bore little resemblance to those of Giwa and Kemp, and thus the retention of the nurse does not support a determination that Giwa and Kemp were "treated less favorably than a similarly situated employee outside [their] protected group" (*Castro v New York Univ*., 5 AD3d 135, 136).

Substantial evidence also supports SDHR's determination dismissing the complaint of Giwa insofar as it alleged unlawful discrimination based upon disability. Petitioners failed to demonstrate "that [Giwa] requested and was refused reasonable accommodations" (*Pimentel v Citibank, N.A.*, 29 AD3d 141, 146, *lv denied* 7 NY3d 707; *see Pembroke v New York State Off. of Ct. Admin.*, 306 AD2d 185).

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court