■ IRENE MULCAHY, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [952 NYS2d 164]—

Supreme Court erred in dismissing the petition as an untimely commenced article 78 proceeding and rejecting petitioner's claim that it was actually a hybrid action under 42 USC § 1983, which provides for a three-year statute of limitations. Petitioner denominated this matter as an article 78 proceeding, but asserted that she was a tenured teacher with respondent New York City Department of Education (DOE), which improperly terminated her in violation of her rights to procedural due process under both the State and Federal Constitutions.

Contrary to the Supreme Court, we conclude that the petition properly raised claims under 42 USC § 1983 and thus, could be maintained as a hybrid action (*see Bistrisky v New York State Dept. of Correctional Servs.*, 23 AD3d 866, 867 [3d Dept 2005] [rather than a pleading's label, "it is the essence of the action that controls"]). To the extent that the DOE asserts that its documentation proves that petitioner was only a probationary teacher and thus, did not have a property interest protected by the Constitution (*see Kahn v New York City Dept. of Educ.*, 79 AD3d 521, 522-523 [1st Dept 2010], *affd* 18 NY3d 457 [2012]), we note that petitioner also annexed documentary proof of her tenured status, hence the DOE has merely raised a triable issue of fact.

Federal and state courts possess concurrent jurisdiction over 42 USC § 1983 actions. To hold that petitioner cannot bring her 42 USC § 1983 claims solely because she asserted them in the same action in which she seeks article 78 relief, due to the latter's much shorter statute of limitations, would impermissibly conflict with 42 USC § 1983's broad remedial purpose and result in different outcomes based solely on whether the federal claims are brought in state or federal court (*see Felder v Casey*, 487 US 131, 138 [1988]). Hence, petitioner's action should be reinstated as one arising under 42 USC § 1983 (*see Matter of Beers v Incorporated Vil. of Floral Park*, 262 AD2d 315, 316 [2d Dept 1999]). Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.