*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                    520787
_____

In the Matter of the
    Arbitration between CAPITAL
    SIDING & CONSTRUCTION, LLC,
    Doing Business as ABAR
    CONSTRUCTION,
                        Appellant,        MEMORANDUM AND ORDER
        and

ALLTEK ENERGY SYSTEM, INC.,
                        Respondent.
_____

Calendar Date:  February 19, 2016

Before:  Peters, P.J., Garry, Rose, Lynch and Clark, JJ.

_____

        Fox & Kowalewski, LLP, Clifton Park (Brendan R. Wolf of
counsel), for appellant.

        McNamee, Lochner, Titus & Williams, PC, Albany (Kevin
Laurilliard of counsel), for respondent.

_____

Rose, J.

        Appeal from an order of the Supreme Court (Platkin, J.),
entered March 17, 2015 in Albany County, which denied
petitioner's application pursuant to CPLR 7503 to permanently
stay arbitration between the parties.

        Petitioner, a contractor, entered into a construction
contract (hereinafter the subcontract) with respondent
subcontractor.  When a dispute arose and petitioner withheld
certain payments from respondent, respondent sought expedited
arbitration pursuant to General Business Law article 35-E, also

known as the Prompt Payment Act (hereinafter PPA).  Petitioner then commenced this proceeding, seeking to permanently stay the arbitration on the ground that section 6.2 of the subcontract expressly states that litigation, not arbitration, is the parties' chosen method of dispute resolution.  Supreme Court denied petitioner's application, interpreting the PPA to render the subcontract's dispute resolution provision void and unenforceable because it denies respondent the option to arbitrate the payment dispute.  Petitioner appeals.

"The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used" (People v Brown, 25 NY3d 247, 250 [2015] [internal quotation marks, brackets and citations omitted]; accord Matter of Arita v Goodman, 132 AD3d 1108, 1109 [2015]).  The PPA's stated purpose is "to expedite payment of all monies owed to those who perform contracting services pursuant to [private] construction contracts" exceeding a certain monetary threshold (General Business Law § 756-a; see General Business Law § 756 [1]).  As relevant here, that purpose is effectuated by General Business Law § 756-b (3) (c), which states that, if a contractor is accused of violating any of the PPA's provisions, an aggrieved subcontractor "may refer the matter . . . to the American Arbitration Association for an expedited arbitration."  The PPA also states that, "[e]xcept as otherwise provided in this article," the terms and conditions of the parties' written agreement will supersede the PPA's provisions (General Business Law § 756-a).  However, General Business Law § 757 (3) specifically directs that "[a] provision, covenant, clause or understanding in, collateral to or affecting a construction contract stating that expedited arbitration as expressly provided for and in the manner established by [General Business Law § 756-b] is unavailable to one or both parties" is "void and unenforceable."

Here, petitioner contends that the PPA expressly provides that the subcontract's dispute resolution provision supersedes the PPA's requirement that expedited arbitration be available to an aggrieved party, and that it is unaffected by the "[e]xcept as

otherwise provided" language of General Business Law § 756-a. Petitioner argues that the only exception to the PPA's general policy of giving primacy to the terms of a construction contract is found in General Business Law § 756-b (1), which provides for the accrual of interest on overdue payments "[n]otwithstanding any contrary agreement."  Petitioner's reading of the PPA, however, ignores the existence of General Business Law § 757 (3), which, as we have stated, unambiguously voids and renders unenforceable any contractual provision that makes expedited arbitration unavailable to one or both parties.  Contrary to petitioner's argument, the obvious function of section 6.2 of the subcontract is to establish litigation as the sole legal option for the resolution of disputes under the subcontract, which, in turn, denies both parties the opportunity to arbitrate such claims.  Inasmuch as General Business Law § 757 (3) clearly operates to void and render unenforceable the subcontract's dispute resolution provision, we find that Supreme Court properly denied petitioner's application to stay arbitration.

Although petitioner also argues that Supreme Court's reading of the PPA violates its own constitutional right to a jury trial, petitioner admittedly raised this issue for the first time on appeal and, thus, it is unpreserved for our review (see People v Haskell, 68 AD3d 1358, 1361 [2009]; Matter of County of Sullivan [ABC Pac. Realty LLC], 55 AD3d 1029, 1031 [2008], lv denied 12 NY3d 713 [2009]).  Moreover, even if we were to consider this issue (see State of New York v Butti, 304 AD2d 917, 918 [2003]; Matter of Woodin v Lane, 119 AD2d 969, 970 [1986]), petitioner's argument – though styled as a challenge to the application of the PPA to the facts of this case – is, in reality, a facial challenge to the constitutionality of its provisions requiring expedited arbitration.  Accordingly, petitioner was required to serve notice upon the Attorney General, who must be permitted to intervene in support of the constitutionality of the statute (see Executive Law § 71; CPLR 1012 [b]).  As there is no evidence that petitioner did so at any stage of this proceeding, we decline to pass upon the constitutional issue at this time (see People v Parker, 290 AD2d 650, 652 [2002], lv denied 97 NY2d 759 [2002]).

Peters, P.J., Garry, Lynch and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court